UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUE-CHANG TAN, | No. 2:13-cv-2546 LKK AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| JASON MENDEZ, | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff Yue-Chang Tan commenced an unlawful detainer action in Sacramento County Superior Court on October 15, 2013 against multiple defendants.[1] Defendant Jason Mendez removed this action on December 9, 2013 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a

---

[1] The district court may take judicial notice of state court actions where the state court proceedings have a direct relation to the matters at issue. See, e.g., Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004). Accordingly, the undersigned takes judicial notice, sua sponte, of the unlawful detainer action filed in the Sacramento County Superior Court, Case No. 13UD08123 against defendants Jason Mendez, Lashunda Price, and Rodney Spidell. See Fed. R. Evid. 201(c)(1) ("The court may take judicial notice on its own.").

1

1  claim upon which relief can be granted.  A plaintiff fails to state a claim when the court lacks

2  jurisdiction over the subject matter of the complaint.  See Fed. R. Civ. P. 12(b)(1).

3  Courts "strictly construe the removal statute against removal jurisdiction," and "the

4  defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980

5  F.2d 564, 566 (9th Cir. 1992).  Furthermore, "jurisdiction must be rejected if there is any doubt as

6  to the right of removal in the first instance."  Id.  Removal is proper only if the court could have

7  exercised jurisdiction over the action had it originally been filed in federal court.  Caterpillar, Inc.

8  v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of federal-question jurisdiction

9  is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists

10 only when a federal question is presented on the face of the plaintiff's properly pleaded

11 complaint."  Id.

12 Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in the

13 Sacramento County Superior Court.  The complaint contains a single claim for unlawful detainer.

14 In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to the

15 Protecting Tenants at Foreclosure Act of 2009 ("the Act"), 12 U.S.C. §5201.  Insofar as

16 defendant's argument is concerned, the Act provides protections to tenants who reside in

17 properties subject to foreclosure, including the requirement that a 90-day notice to vacate be

18 given to bona fide tenants.  See SD Coastline LP v. Buck, 2010 WL 4809661, at *1 (S.D. Cal.

19 Nov. 19, 2010).  Plaintiff's complaint for unlawful detainer, however, does not state claims under

20 any federal law.  Rather, defendant appears to assert that his federal rights are at issue by virtue of

21 defendant's defense to the action.[2]

22 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-

---

[2] In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act.  See, e.g., Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012); Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); Aurora Loan Servs., LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010).  Additionally, federal district courts have concluded that the Act does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1  party claim raising a federal question, whether filed in state or federal court.  See Vaden v.
2  Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th
3  Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);
4  Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l
5  Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint
6  indicates that the only cause of action is one for unlawful detainer, which arises under state law
7  and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction
8  under 28 U.S.C. § 1331 does not exist.
9       Moreover, it appears defendant has removed this action without the consent of his co-
10 defendants.  In cases involving multiple defendants, such as the current matter, the "rule of
11 unanimity" requires that all defendants must join in a removal petition.  Wisconsin Dept. of
12 Corrections v. Schacht, 524 U.S. 381, 393 (1998) (citing Chicago, Rock Island, & Pacific
13 Railway Co. v. Martin, 178 U.S. 245, 248 (1900)).  "One defendant's timely removal notice
14 containing an averment of the other defendants' consent and signed by an attorney of record is
15 sufficient."  Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).
16 However, in his notice of removal, Mendez fails to acknowledge his co-defendants and fails to
17 indicate that either Lashunda Price or Rodney Spidell joins or consents to the removal.
18 Therefore, the notice of removal is defective.
19       Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to proceed
20 in forma pauperis is granted; and
21       IT IS HEREBY RECOMMENDED that this action be remanded to the Sacramento
22 County Superior Court for lack of subject matter jurisdiction.
23       These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
25 after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
27 document should be captioned "Objections to Magistrate Judge's Findings and
28 Recommendations."  Any response to the objections shall be filed with the court and served on all

parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 5, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE